# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN BRICE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-CV-332-CVE-FHM |
| ) | |
| GREG PROVINCE, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner filed a response to the motion (Dkt. # 7). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice as time barred.

## *BACKGROUND*

At the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2006-568, Petitioner John Brice Smith was convicted of Robbery With a Firearm. On May 21, 2007, the trial judge sentenced Petitioner in accordance with the jury's recommendation to sixteen (16) years imprisonment. See Dkt. # 6, Ex. 1; see also www.oscn.net.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed January 14, 2008, in Case No. F-2007-553, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 6, Ex. 1. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On July 13, 2009, Petitioner filed an application for post-conviction relief. See Dkt. # 6, Ex. 2. On August 26, 2009, the state district court denied post-conviction relief. Id. Petitioner filed a post-conviction appeal at the OCCA. On February 10, 2010, in Case No. PC-2009-846, the OCCA affirmed the state district court's denial of post-conviction relief. See Dkt. # 6, Ex. 3.

On May 25, 2010, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1).

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C),

and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on April 14, 2008, after the OCCA concluded direct review on January 14, 2008, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed.[1] See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on April 14, 2008, and, absent a tolling event, a federal petition for writ of habeas corpus filed after April 14, 2009, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner commenced this action on May 25, 2010, or more than one (1) year beyond the deadline. Absent statutory or equitable tolling, the petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the limitations period. Petitioner's application for post-conviction relief was not filed until July 13, 2009, or almost three (3) months after the April 14, 2009, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-

---

[1] Ninety days after January 14, 2008, fell on Sunday, April 13, 2008. Therefore, Petitioner's one-year period did not commence until Monday, April 14, 2008. See Fed. R. Civ. P. 6(a)(a)(C).

conviction proceeding commenced by Petitioner did not toll the limitations period. Therefore, this action, commenced on May 25, 2010, appears to be untimely.

In response to the motion to dismiss, Petitioner asserts that because he has "meritorious claims of serious Constitutional deprivations that need to be addressed," his petition should not be dismissed. See Dkt. # 7. Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has failed to make the showing necessary for entitlement to equitable tolling. He has wholly failed to identify any circumstance that prevented him from filing his habeas corpus petition in compliance with the one-year limitations period. Petitioner does not claim to be actually innocent of the crime for which he was convicted. Thus, he must demonstrate that he pursued his habeas claims diligently. See Lopez v. Trani, — F.3d —, 2010 WL 4923891 (10th Cir. 2010) (holding that habeas petitioner seeking equitable tolling on actual innocence grounds need make no showing of cause for the delay). Petitioner has failed to make the necessary showing. He is not entitled to equitable tolling.

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to statutory or equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this matter.

DATED THIS 4th day of February, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT